**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Elisha Coleman, | Civ. No. 26-cv-0522 (ECT/DJF) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Continental American Insurance Company, | |
| Defendant. | |

---

This case arises under the Employee Retirement Income Security Act of 1974 (“ERISA”), 29 U.S.C. §1001 *et seq*. based on Plaintiff Elisha Coleman’s claim for individual disability benefits. This matter is presently before the Court on *sua sponte* reconsideration of its September 29, 2026 ruling on Plaintiff’s *Motion to Exclude Post-Exhaustion Documents and Include Lost Documents in Record* (“Motion”) (ECF No. 22).[1] The Court held a hearing on September 29, 2026 and denied Plaintiff’s Motion from the bench. (ECF No. 32.) The Court later vacated that decision. (ECF No. 38). Upon further review of the entire record, the Court concludes that its previous Order denying Plaintiff’s Motion was erroneous. Plaintiff’s Motion is granted in part and denied in part for the reasons given below.

## I. Factual Background

Ecolab, Inc. (“Ecolab”) hired Plaintiff on December 1, 2022 as a permanent employee in the position of Manufacturing District Representative III. (ECF No. 1 ¶ 18.) Ecolab offered long-

---

[1] *Cf. Pierson v. Dormire*, 484 F.3d 485 (8th Cir. 2007, holding that a district court may grant relief from judgment *sua sponte* with notice and an opportunity for the parties to be heard), *vacated in part on other grounds*, *Pierson v. Dormire*, 276 Fed.Appx. 541 (8th Cir. 2008).

term disability ("LTD") benefits to its employees pursuant to an LTD plan funded by a group policy ("LTD Plan"). (ECF No. 1 ¶ 6; ECF No. 8 ¶ 6.) Defendant Continental American Insurance Company, also known as "Aflac", insured the LTD Plan and was its claims administrator. (ECF No. 1 ¶¶ 6-7; ECF No. 8 ¶¶ 6-7.)

Plaintiff became insured under the LTD Plan on December 1, 2022 when he began his employment with Ecolab. (ECF No. 1 ¶ 19.) Plaintiff's job duties at Ecolab included sales and account management, which required him to conduct sales meetings, make cold calls, manage customer billing and accounts, and lead customer safety training. (*Id.* at ¶ 20.)

Plaintiff claims he suffered a deer tick bite in July 2023 and began experiencing health issues due to suspected Lyme disease. (*Id.* ¶ 21.) He states that his symptoms included "severe, persistent, and debilitating chronic fatigue syndrome with fibromyalgia pain, chronic headaches, intractable migraines, chronic abdominal pain with diarrhea, bloating, and impairments in cognition." (*Id.* ¶ 25.) Plaintiff alleges his symptoms worsened over time, did not respond to treatment, and impaired his ability to perform his job duties. (*Id.* ¶¶ 22-26.) Plaintiff ultimately resigned from his position at Ecolab, with September 30, 2024 as his last date of employment. (*Id.* ¶¶ 27, 28.)

On or about March 24, 2025, Plaintiff and his counsel contacted Aflac to initiate short-term disability and LTD disability claims. (*Id.* ¶ 31.) Aflac advised Plaintiff he was not eligible for short-term disability benefits because he was no longer employed. (*Id.*) Though Plaintiff did not seek leave under the Family and Medical Leave Act, Aflac sent a letter to Plaintiff on March 25, 2025 stating that he was not eligible for such leave, but failing to address his claim for LTD benefits. (*Id.* ¶¶ 31-33.)

Plaintiff submitted proof of loss for his LTD claim on October 7, 2025, including a cover letter explaining the basis for his claim, employment information, the date of disability, and a medical summary. (*Id.* ¶ 39.) Plaintiff's counsel states that, though she received confirmation Aflac had received the claim forms, she was unable to obtain assistance or information regarding the status of his claim despite multiple calls requesting help. (*Id.* ¶¶ 42-48.) On November 13, 2025, Plaintiff's counsel sent a letter to Aflac summarizing counsel's previous attempts to communicate with Aflac regarding the LTD claim and giving notice that Plaintiff would deem the claim exhausted if Aflac did not respond to his application within seven days. (*Id.* ¶ 47.) Aflac did not respond to the letter (*id.* ¶ 48), and this lawsuit followed.

Plaintiff filed his Complaint on January 21, 2026, asserting claims against Defendant under ERISA and principles of federal common law. (*Id.*) Defendant has proffered no information to dispute Plaintiff's contention that it failed to open a review of Plaintiff's claim for LTD benefits until after Plaintiff initiated this lawsuit. (ECF No. 36 at 2.) Defendant issued a formal denial of benefits on April 15, 2026. (*Id.* at 3.) Defendant now seeks to include documents in the record that were generated after this litigation began.[2] (*See* ECF No. 24 at 3-4.)

[2] The contested post-litigation documents that Defendant seeks to include in the record are: Aflac internal claim notes dated February 24, 2026 through April 1, 2026 (AR-0050–0084); an Aflac email dated February 24, 2026 and a policy history and terms chart (AR-0225–0229); Plaintiff's earnings statements for part-time work (AR-0245–0247); an email from Aflac to Plaintiff's counsel dated February 24, 2026 requesting information, with enclosed claim forms (AR-0248–0265); job descriptions (AR-0266–0271); emails exchanged between Aflac and Ecolab (AR-0272–0281, 0295–0303); medical record requests and retrievals dated March 9–10 and March 25, 2026 (AR-0282–0293, 0304–0312); and Aflac's denial letter dated April 15, 2026 (AR-0313–0325).

## II. Regulatory Background

Based on the allegations in the Complaint, 29 C.F.R. § 2560.503-1 applies to this dispute. Under 29 C.F.R. § 2560.503-1(f)(3), an insurance company is required to issue a decision within forty-five days of receiving a disability benefits claim, unless the plan administrator determines an extension is necessary due to matters beyond the plan's control and notifies the claimant of the circumstances requiring an extension and the date by which the plan expects to render a decision. If the plan fails to strictly adhere to this requirement, the claimant is deemed to have exhausted his administrative remedies and may file suit in district court under a *de novo* review standard, unless the plan's failure to adhere is *de minimus. See* 29 C.F.R. § 2560.503-1(l)(2). ("If a claimant chooses to pursue remedies under section 502(a) of the Act under such circumstances, the claim or appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary.") The *de minimus* exception applies if: (1.) the violations do not cause, and are not likely to cause, prejudice or harm to the claimant; (2.) the plan demonstrates that the violation was for good cause or due to matters beyond the control of the plan; (3.) the violation occurred in the context of an ongoing, good faith exchange of information between the plan and the claimant; and (4.) the violation is not part of a pattern or practice of violations by the plan. *See* 29 C.F.R. § 2560.503-1(l)(2)(ii).

## III. Analysis

It is clear that Defendant did not strictly adhere to the provisions of 29 C.F.R. § 2560.503-1(f)(3). Plaintiff contacted Defendant to give notice of his claim in March 2025 and submitted proof of loss on October 7, 2025. (*See* ECF No. 1.) Defendant did not notify Plaintiff of the need for any extension of time to respond. (*See id.*) Therefore, Defendant's decision on Plaintiff's claim was due, at the latest, by November 21, 2025. *See* 29 C.F.R. § 2560.503-1(f)(3). Pursuant

to the regulation, Plaintiff's claim was exhausted, and he was entitled to file suit in this Court, as of that date. *See* 29 C.F.R. § 2560.503-1(l)(2). Moreover, Defendant is deemed to have denied Plaintiff's claim without the exercise of discretion as of that date, *see* 29 C.F.R. § 2560.503-1(l)(2)(i), and the *de novo* review standard therefore applies. *See generally Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Furthermore, the *de minimus* exception does not apply. The Court finds Defendant's delay and repeated failures to respond to Plaintiff's counsel were prejudicial to Plaintiff. And since Defendant did not begin its claim review until after Plaintiff filed this lawsuit or request any additional information from Plaintiff about his claim, the violation did not occur in the context of an ongoing, good faith exchange of information between the LTD Plan and Plaintiff. *See* 29 C.F.R. § 2560.503-1(l)(2)(ii).

Defendant has not seriously contested any of the above conclusions. Defendant acknowledges Plaintiff's claim is exhausted and properly before this Court on *de novo* review but contends there is nonetheless good cause to expand the record to include the post-litigation documents. Defendant is correct that district courts have authority to expand the record in ERISA cases on *de novo* review when there is good cause to do so. But "[w]hen deciding whether good cause exists, the Eighth Circuit has typically 'focused in large part on whether the [party seeking to present the new evidence] had an opportunity to present the additional evidence during the administrative proceedings. An opportunity and failure to present the additional evidence shows a lack of good cause.'" *Proctor v. Unum Life Ins. Co. of Am.,* No. 20-cv-2472 (JRT/DTS), 2022 WL 4585278, at *12 (D. Minn. Sept. 29, 2022) (quoting *Sloan v. Hartford Life & Accident Ins. Co.*, 475 F.3d 999, 1004 (8th Cir. 2007)). Defendant had ample opportunity to investigate Plaintiff's claim and present additional evidence but failed to do so. During the hearing on Plaintiff's Motion, the Court asked Defendant to explain why Aflac did not investigate Plaintiff's

LTD claim and respond to his application sooner. Defendant was unable to provide an explanation. As stated during the hearing:

> THE COURT: Mr. Wagener, let's go back in time a little bit because I haven't heard anything that explains this. Why did this happen in the first place? Is there an explanation for why a decision was not made within the regulatory timeframe that's prescribed?
>
> MR. WAGENER: There is no good explanation, Your Honor. There is really no explanation. The information was submitted to Continental. It failed to act on the information. I'll concede that point.

(ECF No. 35 at 14.) Therefore, Defendant has proffered no good cause—or any justification at all—for its failure to comply with the applicable regulatory deadlines. (*See generally* ECF No. 29, 37-1 at 15, 42.)

Nevertheless, Defendant cites *Weber v. Saint Louis University* for the proposition that the Court should find good cause to include the post-litigation documents because review is *de novo* and not based on the "abuse of discretion" standard. 6 F.3d 558, 560–61 (8th Cir. 1993). However, the fact that review is *de novo* is not alone a sufficient justification to expand the administrative record. *See Farley v. Hartford Life & Accident Ins. Co., et al.*, Case No. 4:24-cv-00894-SEP, at *10 (E.D. Mo. Sept. 30, 2026) (deeming claim denied and administrative record closed in light of Defendant's failure to render a timely decision and further finding post-litigation documents were not properly before the court).

Defendant further contends the record must be expanded because excluding the information it seeks to introduce "would leave the Court to resolve a fact-intensive disability determination on a record lacking information on which the benefits decision was based." (ECF No. 42 at 6.) That statement is simply untrue. The benefits decision in this case was not based on anything that took place after this lawsuit was filed; instead, Defendant is deemed to have denied

Plaintiff's claim by operation of law on November 21, 2025. 29 C.F.R. § 2560.503-1(l)(2)(i). The post-litigation documents are unnecessary to understand the basis for that decision.

Plaintiff states, and Defendant does not dispute, that the record already contains: the insurance policy; documents concerning Plaintiff's job duties, his work accommodations, and his resignation; his treating physician's Attending Physician's Statement and addendum; his medical records from December 2022 through December 2025; the claim forms completed by Plaintiff, his physician, and his employer; and statements, including a statement Plaintiff's spouse, explaining why he left work. (ECF No. 36 at 9.) Given these submissions, the Court finds there is sufficient information in the record to decide Plaintiff's claim on the merits. Under the circumstances, good cause to include the additional post-litigation documents is lacking.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, Plaintiff's *Motion to Exclude Post-Exhaustion Documents and Include Lost Documents in Record* (ECF No. 22) is **GRANTED IN PART** and **DENIED IN PART**.

1. Plaintiff's request to exclude post-litigation documents is **GRANTED**. Unless otherwise agreed by the parties, materials introduced by Defendant after Plaintiff initiated this action shall not be included in the record.
2. Plaintiff's request to include documents in the record that Defendant has agreed to include is **DENIED** as moot for the reasons previously stated on the record at the Motion hearing.

**IT IS SO ORDERED.**

Dated: November 13, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge